William J. Regan, J.,
A claim against the estate of William P. Horton by the claimant, Horton Coffee Company, Inc., was filed in this court on July 1, 1970. The executrix did not promptly reply to the claim submitted, nor did the claimant demand upon the executrix a determination whether the claim would be allowed or rejected. The claim therefore was pending and would be resolved on the judicial settlement of this estate.
On or about the 26th day of August, 1974, the claimant commenced an action against the executrix demanding the payment of the exact amount which was demanded in the claim filed on July 1, 1970 in this court. This action was commenced without the claimant filing a demand upon the executrix to allow or reject the claim as provided for in SCPA 1806 (subd 3). Counsel for the claimant discovered subsequent to the commencement of the Supreme Court action that a claim had in fact been asserted against the estate on or about July 1, 1970. It was based on this discovery that counsel for the claimant entered into a stipulation of discontinuance of the Supreme Court action, which was made admittedly "on the merits” and filed on or about January 14, 1975 in the Erie County Clerk’s office.
On October 16, 1974, the claimant petitioned this court to compel the executrix of the estate to pay the claim as filed on July 1, 1970. A formal rejection of this claim was filed in this court on June 2, 1975, the rejection being dated January 30, 1975.
SCPA 1810 provides that a claimant shall not be prevented from commencing action on his claim at law or in equity, provided "that where a claim has been presented and rejected in whole or in part, the action must be commenced within 60 days after such rejection”. The Supreme Court action, which was discontinued, was improperly commenced and was subject to a motion for dismissal on the basis that a rejection had not been submitted or obtained, which is a prerequisite to the commencement of said action.
The executrix has rejected the claim of the petitioner and the petitioner has elected to pursue the recovery pursuant to the SCPA, by making the motion to compel an accounting and payment of the claim. This court does not agree with the *372 contention of respondent that the execution of the stipulation of discontinuance is res judicata to the determination of the claim asserted herein. This court has jurisdiction to entertain this proceeding, and is placing this matter on the 10:15 calendar for July 25,1975 for further proceeding.
It is the decision of the court that the motion brought by the executrix of the estate be dismissed.
Submit decree.